**In re Ramona J. IVEY, Appellant.**

**No. 12338.**

Court of Civil Appeals of Texas, Austin.

Feb. 18, 1976.

Rehearing Denied March 3, 1976.

James Y. Bryce, Austin, for appellant.

C. Ned Granger, Travis County Atty., Phil R. Lerway, Asst. County Atty., Austin, for appellee.

SHANNON, Justice.

Appellant, Ramona J. Ivey, appealed to the district court of Travis County to set aside the judgment of the county court of Travis County which committed her to the Austin State Hospital for a period not exceeding ninety days. After trial to the district court, judgment was entered affirming the judgment of the county court.

The proceeding was commenced in the county court by the filing of an application for temporary hospitalization by appellant's brother, Arthur Williams. In the application Williams averred, among other things, that he believed appellant to be mentally ill and that for appellant's own welfare and protection she required treatment in a mental hospital.

As previously written, the county court entered judgment committing appellant to the Austin State Hospital. Appellant appealed from that judgment to the district court of Travis County.

At the hearing in district court, the State called one witness, Oscar Yero, a psychiatrist who had treated appellant since her commitment to the Austin State Hospital.

At the time of the commitment and for an indefinite time previously, appellant suffered a mental derangement diagnosed, "schizophrenic chronic undifferentiated type." The severity of her illness was categorized by the witness as "somewhere between moderate and severe." The witness was of the opinion that under favorable circumstances appellant's illness could be controlled away from the mental hospital. The most important of those "favorable" circumstances was that appellant take prescribed medication regularly. In previous instances, because appellant refused to take the medication, her condition had worsened and she had been readmitted to a mental institution. Including the present commitment, appellant has been admitted to the Austin State Hospital four times and she has been admitted to other mental hospitals before and between admissions to the Austin State Hospital.

Upon request, the district court filed findings of fact and conclusions of law. The court found that appellant was mentally ill, and that her condition required observation and treatment in a mental hospital for her own welfare and protection. The court also found that appellant did not require hospitalization for the protection of others.

The court concluded, among other things, that the standard of proof required of the State in determining the mental condition of appellant and the necessity for commitment of appellant was "by a preponderance of the evidence." The court was of the opinion that Tex.Rev.Civ.Stat.Ann. art. 5547–38 (1958) was constitutional on its face and as applied to appellant. The court concluded further that, since appellant was discharged as no longer requiring hospitalization on March 25, 1975, the cause was moot.

Appellant assails the judgment by five points of error, the first point being that the district court erred in concluding that the cause was moot. Point of error two claims the court erred in concluding that the standard of proof required of the State in determining the mental condition and need for hospitalization of appellant was by a preponderance of the evidence. The third point complains that the court's finding that appellant required observation and treatment in a mental hospital was contrary to the great weight and preponderance of the evidence. The fourth and fifth points of error challenge the constitutionality of Tex.Rev.Civ.Stat.Ann. art. 5547–38 (1958) and Tex.Rev.Civ.Stat.Ann. art. 3930(b), § 1, subd. B(1)(a)(v) (Supp.1974–75.)

By counterpoint, the State argues that the appeal is moot and urges that the appeal be dismissed. Appellant claims that even though she was dismissed from the

hospital subsequent to the entry of the judgment of the district court and prior to the filing of the appeal in this Court, her appeal is not moot because the stigma of the commitment proceedings and the likelihood of future similar proceedings against her are still unsettled and may be quieted only by an opinion of this Court.

■ In general, it may be said that an appellate court will not review a judgment if the controversy has been terminated. In such instances the case is considered moot. Appellant, however, claims that her appeal falls within two exceptions to the doctrine of mootness.

The first of the exceptions, says appellant, is that courts will decide disputes that might otherwise appear to be moot if the circumstances giving rise to the original controversy are "capable of repetition, yet evading review." *Southern P. Terminal Co. v. Interstate Commerce Commission,* 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911); *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *In re Ballay,* 157 U.S. App.D.C., 59, 482 F.2d 648 (1973). In *Southern Pacific* the United States Supreme Court allowed review of an Interstate Commerce Commission order which had expired. The Court stated that the question involved was a continuing one and that the brief duration of the order ought not to operate to deprive the litigant of an opportunity for redress to the courts. In *Roe* the plaintiff, who challenged the Texas abortion statute, was no longer pregnant at the time of the hearing in United States district court. The Supreme Court observed that the nine-month gestation period is so short that pregnancy will usually be ended before the appellate process is complete. ["If that termination makes a case moot, pregnancy litigation seldom will survive much beyond the trial stage, and appellate review will be effectively denied."] The United States Court of Appeals in *Ballay* applied the "capable of repetition, yet evading review" exception in an appeal from an order of involuntary mental commitment where the appellant was released

from the mental hospital before the appeal could be heard.

The second exception urged by appellant to the usual rule of mootness is the so-called "collateral consequences doctrine." That doctrine may be described as one which may cause a court to entertain and enter judgment in a cause which might otherwise be considered moot if there will be continuing collateral consequences which will be harmful to the litigant if no judgment were entered. See *In re Ballay, supra; Carrillo v. State,* 480 S.W.2d 612 (Tex.1972). Appellant states that the collateral consequences of being found mentally ill and a threat to one's own welfare and safety cannot be denied. Appellant says that the present commitment is a "blot" on her record and is not removed by her release from the Austin State Hospital. The commitment, maintains appellant, will affect her ability to obtain employment and she says the social stigma attending civil commitment is unquestionable.

■ We are of the opinion that the appeal is moot. After judgment was entered and appellant's motion for new trial was overruled, appellant was discharged from the Austin State Hospital as no longer requiring hospitalization. The existence of an actual controversy is essential to the exercise of appellate jurisdiction. If the controversy has terminated, the appeal is moot. *State v. Society for Friendless Children,* 130 Tex. 533, 111 S.W.2d 1075 (1938); *City of West University Place v. Martin,* 132 Tex. 354, 123 S.W.2d 638 (1939). When an appeal is moot, the judgment is set aside and the cause is dismissed. *Freeman v. Burrows,* 141 Tex. 318, 171 S.W.2d 863 (1943); *Texas Foundries v. International Moulders & Foundry Workers' Union,* 151 Tex. 239, 248 S.W.2d 460 (1952); *Poole v. Giles,* 151 Tex. 224, 248 S.W.2d 464 (1952).

■ Though her commitment terminated on March 25, 1975, appellant insists that we pass on whether or not the district court applied the correct standard of proof in ordering her commitment and whether or

not two statutes involved were constitutional. To pass on such issues in the absence of appellant's commitment would constitute the rendition of an advisory opinion on abstract questions of law. The Supreme Court has repeatedly held that under the Constitution of Texas, the judicial power does not embrace the giving of advisory opinions. *Firemen's Ins. Co. of Newark, New Jersey v. Burch,* 442 S.W.2d 331 (Tex. 1968); *United Services Life Insurance Co. v. Delaney,* 396 S.W.2d 855 (Tex.1965); *Morrow v. Corbin,* 122 Tex. 553, 62 S.W.2d 641 (1933); *Harris v. Texas Vending Commission, 486 S.W.2d* 623 (Tex.Civ.App.1972, no writ).

No reasons exist for the application in this appeal of either of the claimed exceptions to the general mootness rule. It should be observed that appellant has shown no Texas authority, nor have we found such authority, for the "capable of repetition, yet evading review" exception. It should be further observed that appellant was discharged from the Austin State Hospital as no longer requiring hospitalization before the record was filed in this Court. Under the Rules of Civil Procedure, appellant might have filed the record in this Court prior to her discharge. Instead, the record was filed fifty-nine days after the motion for new trial was overruled. Appellant could have moved for an advance in the submission and oral argument. See Tex.R.Civ.P. 410. If appellant had acted promptly in prosecuting her appeal, this Court might have heard and decided the cause before it became moot.[1]

Likewise, no good reason exists for the application of the "collateral consequences" exception to the mootness doctrine. As stated above, upon determination that an appeal is moot the rule in this State is that the judgment of the lower court is reversed and the cause is dismissed. Such procedure quite as effectively erases the "collateral consequences" of the judgment as would the reversal of the judgment upon the basis of procedural error. In addition, in the case at bar appellant has been placed in various mental hospitals many times other than the one time which forms the basis for this appeal. To borrow appellant's phrase, her other hospitalizations would remain as "blots" on her record since the recordation of those hospitalizations would not be removed by a reversal of the judgment in this appeal for possible procedural error.

Because the appeal is moot, all previous orders are set aside, including the judgment of commitment, and the cause is dismissed.

Reversed and Cause Dismissed.

---

1. See *City of Austin v. Texas Public Employees' Ass'n,* 528 S.W.2d 637 (Tex.Civ. App.1975, no writ). In that appeal the opinion of this Court was handed down three days after the entry of the judgment of the trial court.