Malcolm E. GOSDIN, Appellant,

v.

BLUE LAKE ESTATES PROPERTY OWNERS ASSOCIATION, INC., Appellee.

No. 12431.

Court of Civil Appeals of Texas, Austin.

Oct. 27, 1976.

Andrew Gary, Morgan & Gary, San Marcos, for appellant.

James A. Childress, Senterfitt & Adams, San Saba, Wilburn Oatman, Jr., Llano, for appellee.

PHILLIPS, Chief Justice.

Blue Lake Estates Property Owners Association, Inc., appellee here, brought this suit in the trial court to enjoin the appellant permanently from parking a Winneba-

go[1] recreational vehicle on his driveway adjacent to his home in Blue Lake Estates. Appellee contended that the parking of the Winnebago on the property was in violation of certain restrictive covenants which, due to our disposition of the case, are not important here.

After trial to the court, the court found that appellant was in violation of the restrictive covenants and granted a permanent injunction against appellant. We order the case dismissed.

■ The record discloses that at the time of trial the appellant no longer owned the Winnebago, as he had sold it; therefore, the case was moot at the time of trial and should have been dismissed. This Court in *In re Ivey*, 534 S.W.2d 163 (Tex.Civ.App. Austin 1976, writ ref. n.r.e.), stated that an appellate court will not review a judgment if the controversy has been terminated. This Court went on to state that the existence of an actual controversy is essential to the exercise of appellate jurisdiction. If the controversy has terminated, the appeal is moot. *State v. Society for Friendless Children*, 130 Tex. 533, 111 S.W.2d 1075 (Tex.1938); *City of West University Place v. Martin*, 132 Tex. 354, 123 S.W.2d 638 (1939). Because the appellant sold the Winnebago before trial in the lower court no actual controversy exists between the parties. Therefore, there can be no appellate review.

■ Appellant testified that he intends to purchase another Winnebago. It appears that the parties would value this Court's opinion as to whether such vehicle comes within definitions of those structures proscribed by the restrictions. We are unable to comply with this request as we are without authority to issue advisory opinions. The law is well settled in this State that courts are created, not for the purpose of deciding abstract questions of law or rendering advisory opinions, but for the judicial determination of presently existing disputes between parties in relation to facts out of which controverted questions arise.

*John E. Mitchell Company v. Anderson*, 520 S.W.2d 927 (Tex.Civ.App. Waco 1975, writ ref. n.r.e.). There is, presently, no existing dispute between the parties. An opinion rendered on the merits would be nothing more than advisory. The Supreme Court has repeatedly held that under the Constitution of Texas the judicial power does not embrace the giving of advisory opinions. See *In re Ivey, supra*, and cases cited therein.

■ When a case becomes moot on appeal, all previous orders and judgments should be set aside and the case, not merely the appeal, should be dismissed. *Guajardo v. Alamo Lumber Company*, 159 Tex. 225, 317 S.W.2d 725 (1958), and *Middleton v. Martin*, 508 S.W.2d 495 (Tex.Civ.App. Austin 1974, no writ). Because the controversy is moot, all previous orders and judgments are set aside, and the case is dismissed.

Reversed and Dismissed.

---

1. The record before us does not contain a description of a Winnebago, nor have we been able to find such definition in any dictionary. We will, however, take judicial notice of the fact that it is a self-propelled motor home containing amenities for eating, sleeping, along with toilet and, possibly, bathing facilities.