Patrick Henry HOLLIFIELD, Appellant,

v.

The STATE of Texas, Appellee.

No. 17833.

Court of Civil Appeals of Texas, Fort Worth.

Dec. 17, 1976.

R. Drew Furgeson, Fort Worth, for appellant.

Tim C. Curry, Dist. Atty., Tarrant County, and K. M. Armstrong, Asst. Dist. Atty., Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

July 23, 1976 a jury in County Court found (1) Patrick Henry Hollifield to be a mentally ill person and (2) that he required hospitalization in a mental hospital for his own welfare and protection or the protection of others. Both findings were made by "a preponderance of the evidence." There was no objection to the Charge of the Court. There was no motion for new trial. Mr. Hollifield was immediately confined, for observation not to exceed 90 days, under provisions of V.A.T.S. Title 92, "Mental Health", Sec. 5547–38, "Order upon hearing".

Hollifield appealed and had his record filed in this Court August 24, 1976. Upon motion made we advanced the time for submission of the appeal to December 10, 1976 (though it was apparent that the order under which there was the commitment for observation would by operation of law end on the approximate date of October 21, 1976).

By certificate of the hospital it was shown that Mr. Hollifield was discharged as "improved" on October 7, 1976. Immediately thereafter the State of Texas, as appellee, moved for dismissal of the appeal as moot because the controversy theretofore existent was so terminated that any decision by this Court on the merits would be useless or impossible of performance.

Our decision of the motion to dismiss was deferred until there was presentation on the merits of the appeal, Mr. Hollifield contending that under the reasoning of the case of In re Ballay, 157 U.S.App.D.C. 59, 482 F.2d 648 (1973) the question was a continuing one and that the brief duration of the order ought not to operate to deprive him of opportunity for redress.

We have concluded that the appeal is moot. Following the lead of In re Ivey, 534 S.W.2d 163 (Tex.Civ.App., Austin, 1976, writ ref., n. r. e.), in which Ballay and other decisions were discussed, we have concluded that we should not only dismiss the appeal as moot, but that we should furthermore set aside all previous orders, including the commitment, and dismiss the cause itself.

All the arguments made in the instant case were common to those made in Ivey, in which they were discussed. That discussion need not be repeated here. We are not disposed to differ with or qualify declarations thereupon made in the opinion of the Austin Court.

Here, unlike the situation in Ivey, there has been a jury verdict, and the judgment, from which there was appeal was upon the jury's fact findings. On appeal the complaint is of the adoption of an erroneous burden of proof, i. e., in failing to require any finding upon propriety of commitment to be made "beyond a reasonable doubt" rather than by a "preponderance of the evidence". There was also the contention that the jury finding was so contrary to the greater weight and preponderance of the evidence as to be clearly erroneous. It would appear that by failure to object to any special issue there was waiver of right to complain; on the right to complain of want of necessary support for jury finding without having first filed a motion for new trial presenting the contention to the trial court it was recently held by the Dallas Court that the right did exist. Moss v. State, 539 S.W.2d 936 (Tex.Civ.App., Dallas, 1976).

However, since the appeal is to be dismissed attempt by this Court to write and pass upon the points of error would amount to rendition of an advisory opinion on abstract questions of law, a power not grant-

ed. To this principle of law there was consideration in *Ivey,* and the remarks thereupon made need not receive embellishment here.

■ In material aspects it would appear that the instant case differs from that in *Ivey* only in that in such case the appellate record did not reach the Austin Court of Civil Appeals until after Mr. Ivey had already been released. Here it reached the Court before release. The fact that in the instant case the appellate record had been filed before Mr. Hollifield had been released from the hospital makes no difference whatever in the application of the law to the facts. The appeal is proper to be dismissed if confinement is found to have been terminated before action is taken by the appellate court. That a release has occurred is proper to be shown by evidence in support of a motion to dismiss. Here the motion to dismiss was thus supported.

All previous orders in the cause, including the judgment of commitment, are set aside, and the cause is dismissed.