Joseph Charles WINELY, Appellant,

v.

The STATE of Texas, Appellee.

No. 12687.

Court of Civil Appeals of Texas, Austin.

Oct. 5, 1977.

Kyle A. Morrow, Austin, for appellant.

Jim McMurtry, County Atty., Patrick M. Kelly, Asst. County Atty., Austin, for appellee.

SHANNON, Justice.

This is an appeal from the judgment of the county court of Travis County tempo-

rarily committing appellant, Joseph Charles Winely, to the Austin State Hospital. On July 5, 1977, Winely was committed by judgment for a period not exceeding ninety days for observation and treatment, if necessary. The judgment recited that Winely was adjudged mentally ill and required "observation and/or treatment" in a mental hospital for his own welfare and protection or the protection of others. After the transcript was filed in this Court, the Austin State Hospital on August 12, 1977, discharged Winely as having received "maximum hospitalization benefits." Because the appeal is moot, we will grant appellee's motion and will vacate the judgment of commitment and dismiss the cause.

Appellant attacks the judgment by three points of error, the first being that the county court erred in overruling appellant's motion for continuance so that he might obtain a court reporter to make a record of the proceedings. The other two points urge this Court to reverse the judgment of the County Court, even in the absence of a statement of facts, upon the basis that there was no evidence to support the judgment or that there was insufficient evidence to support the judgment.

Appellee has filed a motion to dismiss the appeal for mootness.

We are of the opinion that the appeal is moot. After judgment was entered by the trial court and before oral argument in this Court, Winely was discharged from the Austin State Hospital as having received maximum hospitalization benefits. The existence of an actual controversy in a mental commitment case, as in other cases, is essential to the exercise of appellate jurisdiction. If the patient has been released, the appeal is moot. *In re Ivey,* 534 S.W.2d 163 (Tex.Civ.App.1976, writ ref'd n. r. e.).

Although his commitment terminated on August 12, 1977, Winely urges that this Court pass upon his points of error, particularly point of error one. As reason therefor, Winely argues in part, that the Mental Health Code has not been construed by many cases and the opinion of this Court would be of assistance to the bench and bar. To pass upon Winely's points of error in the absence of his commitment would constitute the rendition of an advisory opinion on abstract questions of law. The courts have repeatedly held that the judicial power in the Constitution of Texas does not embrace the giving of advisory opinions. *Fireman's Ins. Co. of Newark, New Jersey v. Burch,* 442 S.W.2d 331 (Tex.1968); *United Services Life Insurance Co. v. Delaney,* 396 S.W.2d 855 (Tex.1965); *In re Ivey, supra.*

Winely urges that his case falls within at least one of the two claimed exceptions to the doctrine of mootness. The first exception is that sometimes courts will decide disputes that might otherwise appear to be moot if the circumstances giving rise to the original controversy are "capable of repetition, yet evading review." The other exception is the so-called "collateral consequences doctrine." Both exceptions were examined by this Court in *In re Ivey, supra.* We are of the view that no reasons exist in this appeal for the application of either of the claimed exceptions to the general mootness rule.

Because the appeal is moot, the judgment of commitment is set aside, and the cause is dismissed.

Dismissed for Want of Jurisdiction.

PHILLIPS, C. J., not participating.