**Janet WEGE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13176.**

Court of Civil Appeals of Texas, Austin.

Jan. 9, 1980.

Randy P. Parker, Austin, for appellant.

James L. McMurtry, County Atty., Barry R. Gay, Asst. County Atty., Austin, for appellee.

SHANNON, Justice.

After trial to the court, the county court at law of Travis County entered judgment committing appellant Janet Wege as a patient for observation "and/or" treatment in the Austin State Hospital for a period not to exceed ninety days. We will reverse the judgment.

Texas Rev.Civ.Stat.Ann. art. 5547–38(b) (1958) provides that if after hearing the court finds that the proposed patient is (1) mentally ill and (2) requires observation "and/or" treatment in a mental hospital for his own welfare and protection or the protection of others, the court shall order that the mentally ill person be committed as a patient for observation "and/or" treatment in a mental hospital for a period of time not exceeding ninety days.

The court concluded in the judgment that the mental health of appellant was "substantially impaired" and that she required observation "and/or" treatment in a mental hospital for her own welfare and protection and the protection of others.

Appellant attacks the judgment by one point of error, claiming that the State had failed to prove by clear and convincing evidence that she was mentally ill.

By a writing filed with the Clerk of this Court, and without oral argument, the State has in effect "confessed judgment" by agreeing with appellant that the judgment should be reversed in that it is not supported by clear and convincing evidence that appellant is mentally ill. An examination of the statement of facts makes plain that the parties are correct in their view that the court erred in entering the judgment of commitment. As matters stand in the appeal, we see no useful purpose in summarizing the facts.

More than sixty days of appellant's temporary commitment have now elapsed. Before a new trial can be conducted and a possible appeal taken, the matter of appellant's temporary commitment will have been rendered moot. *In Re Ivey,* 534 S.W.2d 163 (Tex.Civ.App.1976, writ ref'd n. r. e.). The judgment of the county court at law is reversed and judgment is here rendered ordering the Austin State Hospital to discharge Janet Wege forthwith.