Lisa JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 13240.

Court of Civil Appeals of Texas, Austin.

May 28, 1980.

Ray Fisher, Fisher, Ashby & Morris, Austin, for appellant.

James L. McMurtry, County Atty., Joel B. Bennett, Asst. County Atty., Austin, for appellee.

SHANNON, Justice.

This is an appeal from judgment of the county court of Travis County temporarily committing appellant Lisa Jones to the Austin State Hospital for a period not to exceed sixty days. The judgment recited that appellant was adjudged mentally ill and required "observation and/or treatment" in a mental hospital for her welfare and protection or the protection of others. After the record was filed in this Court and before submission and oral argument of the cause, the Austin State Hospital discharged appellant.

Appellant attacks the judgment by one point of error claiming that the county court erred in admitting the testimony of appellant's treating physician because such testimony was based on communications and observations that were privileged. Appellee's reply point is that the testimony of the treating physician was properly admitted because the proceeding came within Tex.Rev.Civ.Stat.Ann. art. 5561h, sec. 4(a)(4) (Supp.1980), an exception to the privilege of confidentiality.

■ This Court views the appeal as moot. After the judgment of the trial court was entered and before submission and oral argument, appellant Jones was discharged from the Austin State Hospital. The existence of an actual controversy in a mental commitment case, as in other cases, is essential to the exercise of appellate jurisdiction. If the patient has been released, the appeal is moot. *In re Ivey*, 534 S.W.2d 163 (Tex. Civ.App.1976, writ ref'd n. r. e.); *Hollifield v. State*, 545 S.W.2d 267 (Tex.Civ.App.1976, no writ); *Winely v. State*, 556 S.W.2d 637 (Tex.Civ.App.1977, no writ); *Contra Lodge v. State*, 597 S.W.2d 773 (Tex.Civ.App.— San Antonio, 1980).

The parties, upon submission and oral argument, urged this Court to pass on appellant's point even though appellant has long since been released from the mental hospital. The parties suggest that an opinion of this Court relative to Tex.Rev.Civ. Stat.Ann. art. 5561h, sec. 4(a)(4) would be helpful to the bench and bar in future commitment cases.

■ To write on appellant's point of error in the absence of her commitment would constitute nothing more than an advisory opinion by this Court on an abstract question of law. The Supreme Court has

repeatedly held that the judicial power in the Constitution of Texas does not embrace the giving of advisory opinions. *Fireman's Ins. Co. of Newark, New Jersey v. Burch*, 442 S.W.2d 331 (Tex.1968); *United Services Life Insurance Co. v. Delaney*, 396 S.W.2d 855 (Tex.1965); *California Products, Inc. v. Puretex Lemon Juice, Inc.*, 160 Tex. 586, 334 S.W.2d 780 (1960); *Morrow v. Corbin*, 122 Tex. 553, 62 S.W.2d 641 (1933).

The parties urge that the facts of this appeal bring the appeal within the exceptions to the doctrine of mootness sometimes observed by some of the federal courts. The first exception is that a dispute, that might otherwise appear to be moot, will be decided if circumstances giving rise to the original controversy are "capable of repetition, yet evading review." The other exception is the so-called "collateral consequences doctrine." Contrary to the assertion by the San Antonio Court of Civil Appeals in *Lodge v. State, supra*, this Court in *In re Ivey, supra*, recognized, examined, and declined to follow either exception. This Court is of the further view that no reason exists in this appeal for the application of either of the claimed exceptions to the general mootness rule.

Because the appeal is moot, the judgment of commitment is set aside, and the cause is dismissed.

Dismissed.

PHILLIPS, C. J., not sitting.