**William Keith HARGROVE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13-88-387-CR.**

Court of Appeals of Texas,
Corpus Christi.

July 7, 1989.

Rehearing Denied Aug. 31, 1989.

Robert Scardino, Jr., Houston, for appellant.

John D. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before BENAVIDES, UTTER and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

A jury found appellant guilty of driving while intoxicated, and the trial court assessed punishment at a fine of $500 and confinement for 180 days in the Harris County Jail probated for two years. Appellant raises one point of error challenging the sufficiency of the evidence. We affirm.

Appellant contends the evidence fails to show that he drove while intoxicated. An appellate court reviews the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 238 (Tex.Crim.App. 1989).

Two police officers testified for the State. Officer Poff testified that he observed appellant driving fifty-five in a thirty-five mile-per-hour zone on Westheimer in Houston. He followed appellant for several blocks and observed appellant's vehicle weave back and forth from lane to lane. He also observed appellant straddling lanes. At Westheimer and Chimney Rock, appellant slid to a stop partially in the intersection. After Poff activated his emergency lights, appellant drove for two blocks before stopping.

Officer Poff testified that appellant had a strong odor of alcohol. Poff administered the horizontal gaze nystagmus test and the head-tilt test. Poff testified that appellant swayed when taking the head-tilt test and could not keep his eyes shut. Appellant refused to take the one-leg test. From these tests, Poff determined that appellant was intoxicated. Poff further testified that his opinion was based on appellant's bloodshot eyes, the way he drove, the way he fumbled, and the way he acted.

Officer Rosencrans testified that he arrived on the scene moments after appellant had been stopped. He observed Poff administer the horizontal gaze test. Rosencrans testified that appellant swayed "to and fro," had an odor of alcohol on him, and had slow and thick-tongued speech. Based on his experience and observation, Rosencrans believed that appellant was intoxicated.

No other witnesses testified. A videotape taken at the time of appellant's arrest was introduced for the jury to view. Appellant refused to take a breath test. Although the videotape is not included in the appellate record for our review, the testimony of the officers is sufficient evidence to support appellant's conviction. *Annis v. State*, 578 S.W.2d 406 (Tex.Crim.App.1979); *Whisenant v. State*, 557 S.W.2d 102 (Tex. Crim.App.1977); *Dorsche v. State*, 514 S.W.2d 755 (Tex.Crim.App.1974); *Crawford v. State*, 643 S.W.2d 178 (Tex.App.— Tyler 1982, no pet.). Appellant's point of error is overruled.

The State raises one cross-point of error. The State contends that the trial court erred in sustaining appellant's objection to certain evidence. The State relies on Tex. Code Crim.Proc.Ann. art. 44.01(c) (Vernon Supp.1989) to conclude that this Court should consider its point of error even though it is not dispositive of the appeal. Article 44.01(c) provides that "The State is entitled to appeal a ruling on a question of law if the defendant is convicted in the case and appeals the judgment."

The State requests that this Court not follow Chavez v. State, No. 01–87–01040–CR (Tex.App.—Houston [1st Dist.] March 9, 1989) (not yet reported), wherein the Houston Court refused to address the State's cross-points of error because they were not dispositive of the appeal. Tex.R. App.P. 90 requires a court of appeals to

decide every substantial issue raised and necessary to disposition of the appeal. By overruling appellant's point of error, we have addressed every substantial issue raised and necessary to the disposition of this appeal. Courts do not issue advisory opinions. *National Savings Insurance Company v. Gaskins,* 572 S.W.2d 573 (Tex. Civ.App.—Fort Worth 1978, no writ); *Wilson v. Grievance Committee for State Bar District No. 3–A,* 565 S.W.2d 361 (Tex.Civ. App.—Austin 1978, writ ref'd n.r.e.). The Texas Constitution does not empower the Courts of Appeals to render advisory opinions. *In re Ivey,* 534 S.W.2d 163 (Tex.Civ. App.—Austin 1976, writ ref'd n.r.e.). The State's cross-point of error is not necessary or dispositive of the dispute between the parties and will not be considered.

The judgment of the trial court is AFFIRMED.