NUMBER 13-03-167-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
LUIS GONZALEZ PEREZ,                                                            Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 103rd District Court
of Cameron County, Texas.




 MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo

Opinion by Chief Justice Valdez
 
         After a bench trial, the trial court convicted appellant, Luis Gonzalez Perez, of
driving while intoxicated. In two issues, appellant contends that the evidence was
neither legally nor factually sufficient to support the conviction. We affirm.
I. FACTUAL AND PROCEDURAL BACKGROUND
         On August 11, 2002, appellant was arrested and charged with driving while
intoxicated in Harlingen, Texas. An indictment was issued, and appellant pled not
guilty. Subsequently, appellant waived his right to a trial by jury. 
         At trial, Harlingen Police Officer Alfredo Guerra testified he noticed appellant
driving normally towards him on Rangerville Road with a right headlight that was out. 
Guerra then turned around and proceeded to stop appellant. After appellant pulled
over, he exited the vehicle, a red Cougar, and began to approach Guerra before being
asked to do so. Guerra asked appellant to remain at his car, but appellant continued
to approach. Guerra then asked appellant to submit to a series of field sobriety tests,
and appellant refused. Guerra called for backup and informed appellant he would be
placed under arrest for driving while intoxicated. Appellant then agreed to the field
sobriety testing. 
         After moving into a gas station parking lot, Guerra performed several tests on
appellant. During the walk-and-turn test, appellant stepped off the line, used his arms
for balance, and did not comply with the heel-to-toe instruction. During the horizontal
gaze nystagmus test, appellant showed all six clues of intoxication. During the one-leg
stand where appellant was instructed to count to thirty in thousands, he did it
correctly until seventeen and just began counting regularly from there until thirty. 
Guerra testified the appellant was unable to follow directions. Appellant would start
a test too soon or do it incorrectly. As a result, Guerra gave instructions more than
once for a couple of the tests.
         Guerra testified that he was trained in the administration of field sobriety tests
and had been for the nine months prior to trial. He also noted he had made
approximately thirty driving-while-intoxicated stops in his three-and-a-half year career
as a certified peace officer. After the testing, Guerra determined that appellant was
intoxicated and placed him under arrest. Guerra arrived at this determination by
observing appellant’s slurred speech, red bloodshot eyes, failure of the field sobriety
tests, and off-balance appearance.
         Appellant testified at trial, giving a different account of the night’s events. After
consuming shrimp cocktail and a little more than half of a beer, appellant left a lounge,
driving in his sister’s car. After a police car pulled up behind him, he stopped at a red
light and then proceeded to make a right turn, stopping just past the driveway of a gas
station. After removing his driver’s license from his wallet, he waited until the police
officer asked him to exit his vehicle and then did so. Without leaning on his car or
staggering, he met the officer at the trunk of his sister’s car. Appellant then followed
the officer into an adjacent parking lot, where he was presented with some papers
about an “HT” test. Because he did not understand, he refused the test. After initially
refusing the officer’s request to submit to field testing, he agreed to complete the
tests. However, appellant denied taking the walk-and-turn test. He also stated that
he agreed to the breathalyzer test at the police station but refused to take the blood
test because he was told he would have to pay for it. 
         After his trial and conviction, appellant pled true to an enhancement paragraph
for an aggravated assault conviction. On February 28, 2003, appellant was sentenced
to four years confinement. 
II. ANALYSIS
A. Legal Sufficiency of the Evidence
         By his first issue, appellant contends the evidence is legally insufficient to
support his conviction for driving while intoxicated. Specifically, appellant alleges the
State failed to present sufficient evidence that appellant 1) operated a motor vehicle
and 2) was intoxicated. 
1. Standard of Review
         In evaluating the legal sufficiency of the evidence, we must review all the
evidence in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Swearingen v.
State, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003). The trier of fact, as the sole judge
of the credibility of the witnesses and the weight to be given their testimony, is free
to accept or reject all or any part of the testimony of any witness. Tex. Code Crim.
Proc. Ann. art. 38.04 (Vernon 1981); Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986). As such, the reviewing court must not judge the credibility of the
witnesses or sit as a thirteenth juror. Henderson v. State, 825 S.W.2d 746, 749 (Tex.
App.–Houston [14th Dist.] 1992, pet. ref’d). Any inconsistencies in the testimony
should be resolved in favor of the verdict. Moreno v. State, 755 S.W.2d 866, 867
(Tex. Crim. App. 1988). This standard of legal sufficiency ensures that a judgment
of acquittal is reserved for those situations in which there is an actual failure in the
State’s proof of the crime. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App.
1997). 
         Sufficiency of the evidence is measured against the elements of the offense as
defined in a hypothetically correct jury charge. Wheaton v. State, 129 S.W.3d 267,
272 (Tex. App.–Corpus Christi 2004, no pet.). “Such a charge would be one that
accurately sets out the law, is authorized by the indictment, does not unnecessarily
increase the State’s burden of proof or unnecessarily restrict the State’s theories of
liability, and adequately describes the particular offense for which the defendant was
tried.” Malik, 953 S.W.2d at 240. A person is guilty of driving while intoxicated
where the State proves the person operated a motor vehicle in a public place while
intoxicated.



2. Motor Vehicle
         Appellant asserts that the State did not provide enough evidence that the
vehicle appellant was operating was a motor vehicle. A motor vehicle is, “a device in,
on, or by which a person or property is or may be transported or drawn on a highway,
except a device used exclusively on stationary rails or tracks.”


 
         In his brief, appellant alleges, “Officer Guerra never testified that the vehicle
appellant was allegedly operating was a ‘motor vehicle.’” However, the record shows
Guerra testified on direct examination that he observed appellant driving a red Cougar
and identified it as a motor vehicle: 
         [Prosecutor]:                  Okay. And the vehicle he was driving, you
said it was a red Cougar?
 
         [Officer Guerra]:    Red Cougar.
         [Prosecutor]:                  Is that a motor vehicle?
         [Officer Guerra]:    Yes, sir.
Further, on direct examination, appellant admitted driving his sister’s car. Among
other things, appellant also testified to driving away from the bar, stopping at a red
light, and making a right turn. This testimony supports a finding that appellant was
in a device that was transporting him on a highway–a motor vehicle. We find this
argument is without merit. 
 3. Intoxication
         In his first issue, appellant also alleges the State failed to present evidence
sufficient to prove intoxication beyond a reasonable doubt. Appellant simply asserts
the evidence was insufficient to show he had lost the normal use of his mental or
physical faculties. A person is deemed intoxicated when the person lacks the normal
use of mental or physical faculties by reason of the introduction of alcohol, among
other substances, into his body.



         Viewing the evidence in the light most favorable to the verdict, the State
presented direct evidence on the intoxication element of the charge. Namely, Guerra
testified that he observed signs of intoxication in appellant’s demeanor and behavior. 
He conducted several field sobriety tests at the time of the stop. Appellant was
unable to comprehend basic instructions and did not complete one of the tests. 
Additionally, Guerra observed appellant was off-balance, had slurred speech and
bloodshot eyes, and smelled of alcohol. At this point, Guerra concluded that appellant
was intoxicated and arrested him. See Annis v. State, 578 S.W.2d 406, 407 (Tex.
Crim. App. 1979) (Trooper’s testimony was sufficient to establish intoxication element
where he observed appellant was off-balance, had red eyes, mush-mouthed speech,
and breath that smelled of alcohol). 
         Given this testimony, we believe a rational trier of fact could find the elements
of the charge proven beyond a reasonable doubt. After reviewing the evidence in the
light most favorable to the verdict, we hold the evidence is legally sufficient to support
the appellant’s conviction. Appellant’s first issue is overruled. 
B. Factual Sufficiency of the Evidence
         In his second issue, appellant contends that the State failed to introduce
evidence factually sufficient to support his conviction. In particular, he challenges the
factual sufficiency of the evidence establishing that 1) he was driving a motor vehicle
and 2) he was intoxicated. 
1. Standard of Review
         In reviewing the factual sufficiency of the evidence, we review the fact finder’s
weighing of the evidence by comparing evidence the State presented with that
introduced by the appellant on a disputed fact. Johnson v. State, 23 S.W.3d 1, 7
(Tex. Crim. App. 2000). We reverse a judgment of conviction only if: (1) proof of guilt
is so obviously weak as to undermine confidence in the fact finder’s determination; or
(2) proof of guilt, although adequate if taken alone, is greatly outweighed by contrary
proof. Swearingen, 101 S.W.3d at 97. Due deference must be accorded to the trier
of fact’s determinations on the weight and credibility of the evidence, and we may not
merely substitute our own judgment. Id. at 97; Johnson, 23 S.W.3d at 7. When
reviewing the factual sufficiency of the evidence, we also measure the evidence
against the elements of the offense as defined by a hypothetically correct jury charge. 
Wheaton, 129 S.W.3d at 272; Adi v. State, 94 S.W.3d 124, 131 (Tex. App.–Corpus
Christi 2002, pet. ref’d); cf. Malik, 953 S.W.2d at 240. 
2. Motor Vehicle
         As discussed earlier, the State presented evidence that appellant was driving a
motor vehicle, a red Cougar, at the time of the stop. During direct examination,
appellant admitted to driving this red Cougar, identifying it as his sister’s car. The
verdict is not contrary to the overwhelming weight of the evidence on this point, as
there is no evidence that the red Cougar the appellant admitted to driving was anything
other than a motor vehicle. 
3. Intoxication
         Despite the evidence described in our legal-sufficiency review, appellant directs
our attention to evidence he contends creates a reasonable doubt as to intoxication. 
Appellant notes that the State did not present testimony from any backup officers or
introduce videotapes of appellant’s roadside field sobriety tests or his appearance and
condition at the time of booking at the police station. However, the State may satisfy
its burden of proof without additional evidence corroborating the officer’s testimony. 
See Annis, 578 S.W.2d at 407; Little v. State, 853 S.W.2d 179, 183 (Tex.
App.–Corpus Christi 1993, no pet.) (uncorroborated testimony of officer alone is
sufficient to establish intoxication); Hargrove v. State, 774 S.W.2d 771, 772 (Tex.
App.–Corpus Christi 1989, pet. ref’d) (same).
         Furthermore, appellant argues that Guerra’s testimony that appellant was driving
normally when first observed undermines the State’s ability to prove he was
intoxicated while driving. However, under the statute, a person need not be driving
erratically to commit the offense of driving while intoxicated.  
         Appellant argues that the State did not certify Guerra as an expert in the
administration of field sobriety testing. Even so, we believe this affects his credibility
as a witness, not the sufficiency of the evidence. The credibility of a witness is
determined by the trier of fact, and we do not reach such issues on appeal. See
Swearingen, 101 S.W.3d at 97; Johnson, 23 S.W.3d at 7. 
         Appellant also directs our attention to his own testimony denying intoxication,
stating he never took the walk-and-turn test, and explaining his speech is affected by
a missing tooth. Appellant also testified that he was not staggering or leaning on the
car for balance and did not have slurred speech. Moreover, appellant claims he did not
get out of the car until Guerra asked him to do so. 
         Appellant’s testimony was directly contradicted by Guerra’s testimony. Guerra
testified that appellant failed several field sobriety tests, had slurred speech and
bloodshot eyes, and was off-balance and unable to follow instructions. Moreover,
both witnesses testified that appellant refused to submit to an alcohol test on the night
of his arrest. An appellant’s failure to submit to a breath or blood test may be
introduced at trial, and the fact finder may consider such a refusal as evidence of
driving while intoxicated. See Bright v. State, 865 S.W.2d 135, 137 (Tex.
App.–Corpus Christi 1993, pet. ref’d).
         We believe the trier of fact was presented with ample evidence on the element
of intoxication to weigh in arriving at its decision. By finding the appellant guilty, it is
apparent that the trial court accepted Guerra’s testimony of the evening’s events. See
Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991). 
         After considering all of the evidence available to the trial court in a neutral light,
we find that the verdict is not so against the overwhelming weight of the evidence
that it is manifestly unjust and clearly wrong. Therefore, we hold the evidence is
factually sufficient to support appellant’s conviction. We overrule appellant’s second
issue.         
III. CONCLUSION
         We conclude the evidence presented at trial was both legally and factually
sufficient to support the appellant’s conviction. As such, we affirm the judgment of
the trial court. 
                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

Concurring opinion by Justice Errlinda Castillo. 

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this 26th day of August, 2004.