NO. 07-09-00313-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JULY
26, 2011

 



 

MELISSA D. LIVELY, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 364TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2006-414,580; HONORABLE BRADLEY S. UNDERWOOD, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Appellant Melissa D. Lively appeals
from her conviction by jury of two counts of aggravated assault with a deadly
weapon and the resulting sentences of twenty years of imprisonment for each
count.  Appellant contends the trial
court erred in denying her motion to suppress. 
The State cross-appeals, arguing the trial court erred in including an
instruction pursuant to article 38.23 in the jury charge. We will affirm the
trial court’s judgment.

            Appellant
was indicted in separate counts for aggravated assault with a deadly weapon[1]
against her two stepsons, Joe Lively and Danny Lively.  She was convicted of both counts.

            Before
trial, appellant filed a motion to suppress evidence Lubbock police officers
found after they entered appellant’s home without a warrant.  The trial court denied the motion after a
hearing.  Appellant re-urged the motion
at trial and it was again denied.  After
trial, the court issued findings of fact and conclusions of law at appellant’s
request. Among them were conclusions that the officers, when they entered
appellant’s home, had probable cause to believe evidence of a crime would be
found in the residence, and that exigent circumstances justified their
immediate entry into the residence for the reasonably-perceived purpose of
providing needed aid or assistance to Danny Lively.[2]

            Appellant’s
husband Steve A. Lively also was prosecuted for aggravated assault of his sons
with a deadly weapon, based on the same events that led to appellant’s
conviction.  In his case, he sought to
suppress the same evidence, resulting from the same search, as that addressed
in appellant’s motion to suppress.  After
his motion to suppress was denied, and after he plead
guilty and a judgment of conviction was entered against him, he appealed his
conviction to this court, asserting error in the denial of his motion to
suppress.  We affirmed his conviction,
finding the trial court did not abuse its discretion by denying his motion to
suppress. Lively v.
State, No. 07-10-00084-CR, 2010 Tex. App. LEXIS 7537 (Tex.App.—Amarillo
Sept. 14, 2010, pet. ref’d) (mem.
op., not designated for publication). 
The Court of Criminal Appeals since has refused the petition for
discretionary review filed by Steve A. Lively. In re Lively, No. PD-1516-10, 2011 Tex.Crim.App. LEXIS 248 (Tex.Crim.App. Feb. 9,
2011). 

In our opinion in Steve A. Lively’s appeal, we found the officers had probable cause
to believe the instrumentality or evidence of a crime would be found in the
residence, and that the information gained and observations made during their
encounters with the two boys raised objectively reasonable concerns for the
physical welfare of Danny Lively and others, justifying the warrantless entry
into the residence. Lively,
No. 07-10-00084-CR, 2010 Tex.App. LEXIS 7537, at *4-*5. 


Although the State’s cases against
appellant and her husband were tried separately, their separate motions to
suppress were heard at the same pre-trial hearing, so the trial court heard the
same testimony on each motion.  As noted,
appellant re-urged her motion at trial, and her appellate brief points out some
differences in the testimony from the suppression hearing and that at
trial.  Having reviewed both the trial
testimony and that at the suppression hearing, we do not find such
inconsistency between them as to require discussion.  Moreover, appellant does not specifically
challenge any of the trial court’s findings of fact. The findings of fact
issued in this case are consistent with the factual discussion in our opinion
in the appellant’s husband’s appeal.  Lively, No.
07-10-00084-CR, 2010 Tex.App. LEXIS 7537, at *1-*5. 
Our discussion of the facts, and application of
the law, in that appeal are equally applicable here.  Therefore, for the same reasons we stated
there, we find the trial court did not abuse its discretion by denying
appellant’s motion to suppress.  See State
v. Ross, 32
S.W.3d 853, 855-56 (Tex.Crim.App. 2000);
Lowrey v. State, 98 S.W.3d 398, 399 (Tex.App.—Amarillo 2003, no pet.), citing Guzman
v. State, 955
S.W.2d 85, 87 (Tex.Crim.App. 1997)
(stating standard of
review).  

Appellant’s brief argues against the
application to these facts of the emergency doctrine that is applicable when
police act in their limited community caretaking role.  See Laney v. State, 117 S.W.3d 854, 861 (Tex.Crim.App.
2003) (explicating doctrine).  Because we must affirm the trial court’s denial of appellant’s
motion if it was correct on any applicable theory of law, id. at 857, we need not address the
application of the emergency doctrine.

For the reasons discussed, we overrule
appellant’s sole issue.

State’s
Cross-Appeal

            The State cross-appeals, arguing the
trial court improperly included an article 38.23[3]
instruction in the jury charge.  Because
we will affirm appellant’s conviction, it is unnecessary also for us to address
the State’s cross-appeal, as resolution of the issue would not alter the
outcome of the appeal. See Armstrong v.
State, 805 S.W.2d 791, 793 (Tex.Crim.App. 1991); Hargrove v. State, 774 S.W.2d 771,
772-73 (Tex.App.—Corpus Christi 1989, pet. ref’d) (both declining to address State’s cross-appeals
when convictions affirmed).

 

We
affirm the judgment of the trial court.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do
not publish.

            

 











[1] See
Tex. Penal Code
Ann. § 22.02(a)(2) (West 2009).





 

[2] See, e.g., Gutierrez v. State, 221 S.W.3d 680, 685
(Tex.Crim.App. 2007) (describing probable cause and
exigent circumstance requirements for warrantless searches made without
consent).






[3] See Tex. Code Crim. Proc. Ann. art. 38.23
(West 2009).