NO. 07-09-00313-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 26, 2011

---

MELISSA D. LIVELY, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

---

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-414,580; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

---

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Melissa D. Lively appeals from her conviction by jury of two counts of aggravated assault with a deadly weapon and the resulting sentences of twenty years of imprisonment for each count. Appellant contends the trial court erred in denying her motion to suppress. The State cross-appeals, arguing the trial court erred in including an instruction pursuant to article 38.23 in the jury charge. We will affirm the trial court's judgment.

Appellant was indicted in separate counts for aggravated assault with a deadly weapon[1] against her two stepsons, Joe Lively and Danny Lively. She was convicted of both counts.

Before trial, appellant filed a motion to suppress evidence Lubbock police officers found after they entered appellant's home without a warrant. The trial court denied the motion after a hearing. Appellant re-urged the motion at trial and it was again denied. After trial, the court issued findings of fact and conclusions of law at appellant's request. Among them were conclusions that the officers, when they entered appellant's home, had probable cause to believe evidence of a crime would be found in the residence, and that exigent circumstances justified their immediate entry into the residence for the reasonably-perceived purpose of providing needed aid or assistance to Danny Lively.[2]

Appellant's husband Steve A. Lively also was prosecuted for aggravated assault of his sons with a deadly weapon, based on the same events that led to appellant's conviction. In his case, he sought to suppress the same evidence, resulting from the same search, as that addressed in appellant's motion to suppress. After his motion to suppress was denied, and after he plead guilty and a judgment of conviction was entered against him, he appealed his conviction to this court, asserting error in the denial of his motion to suppress. We affirmed his conviction, finding the trial court did not abuse its discretion by denying his motion to suppress. *Lively v. State,* No. 07-10-

---

[1] *See* Tex. Penal Code Ann. § 22.02(a)(2) (West 2009).

[2] *See, e.g., Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex.Crim.App. 2007) (describing probable cause and exigent circumstance requirements for warrantless searches made without consent).

00084-CR, 2010 Tex. App. LEXIS 7537 (Tex.App.—Amarillo Sept. 14, 2010, pet. ref'd) (mem. op., not designated for publication). The Court of Criminal Appeals since has refused the petition for discretionary review filed by Steve A. Lively. *In re Lively,* No. PD-1516-10, 2011 Tex.Crim.App. LEXIS 248 (Tex.Crim.App. Feb. 9, 2011).

In our opinion in Steve A. Lively's appeal, we found the officers had probable cause to believe the instrumentality or evidence of a crime would be found in the residence, and that the information gained and observations made during their encounters with the two boys raised objectively reasonable concerns for the physical welfare of Danny Lively and others, justifying the warrantless entry into the residence. *Lively,* No. 07-10-00084-CR, 2010 Tex.App. LEXIS 7537, at *4-*5.

Although the State's cases against appellant and her husband were tried separately, their separate motions to suppress were heard at the same pre-trial hearing, so the trial court heard the same testimony on each motion. As noted, appellant re-urged her motion at trial, and her appellate brief points out some differences in the testimony from the suppression hearing and that at trial. Having reviewed both the trial testimony and that at the suppression hearing, we do not find such inconsistency between them as to require discussion. Moreover, appellant does not specifically challenge any of the trial court's findings of fact. The findings of fact issued in this case are consistent with the factual discussion in our opinion in the appellant's husband's appeal. *Lively,* No. 07-10-00084-CR, 2010 Tex.App. LEXIS 7537, at *1-*5. Our discussion of the facts, and application of the law, in that appeal are equally applicable here. Therefore, for the same reasons we stated there, we find the trial court did not

3

abuse its discretion by denying appellant's motion to suppress. *See State v. Ross*, 32 S.W.3d 853, 855-56 (Tex.Crim.App. 2000); *Lowrey v. State,* 98 S.W.3d 398, 399 (Tex.App.—Amarillo 2003, no pet.), *citing Guzman v. State*, 955 S.W.2d 85, 87 (Tex.Crim.App. 1997) (stating standard of review).

Appellant's brief argues against the application to these facts of the emergency doctrine that is applicable when police act in their limited community caretaking role. *See Laney v. State*, 117 S.W.3d 854, 861 (Tex.Crim.App. 2003) (explicating doctrine). Because we must affirm the trial court's denial of appellant's motion if it was correct on any applicable theory of law, *id.* at 857, we need not address the application of the emergency doctrine.

For the reasons discussed, we overrule appellant's sole issue.

State's Cross-Appeal

The State cross-appeals, arguing the trial court improperly included an article 38.23[3] instruction in the jury charge. Because we will affirm appellant's conviction, it is unnecessary also for us to address the State's cross-appeal, as resolution of the issue would not alter the outcome of the appeal. *See Armstrong v. State,* 805 S.W.2d 791, 793 (Tex.Crim.App. 1991); *Hargrove v. State,* 774 S.W.2d 771, 772-73 (Tex.App.—Corpus Christi 1989, pet. ref'd) (both declining to address State's cross-appeals when convictions affirmed).

---

[3] *See* Tex. Code Crim. Proc. Ann. art. 38.23 (West 2009).

We affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.