## STATE v. SOCIETY FOR FRIENDLESS CHILDREN.

### No. 8406.

Court of Civil Appeals of Texas. Austin.

Feb. 10, 1937.

Rehearing Denied March 10, 1937.

Wm. McCraw, Atty. Gen., and Scott Gaines and Letcher D. King, Asst. Attys. Gen., for the State.

George Mendell, of Austin, and Roy L. Walker, of Lampasas, for appellee.

McCLENDON, Chief Justice.

Quo warranto suit by "the State of Texas, acting by and through its * * * Attorney General * * *, and on behalf of the State Board of Control, Division of Child Welfare," to forfeit the charter of appellee. The appeal is from a judgment sustaining a general demurrer to plaintiff's petition and dismissing the suit.

May 29, 1934, appellee's incorporators applied to the Secretary of State for a charter, the purpose clause of which was: "general supervision, placement and aid work of under-privileged and orphan children and to maintain a home for under-privileged and orphan children." The charter was granted August 17, 1934; and allegedly illegally so in that the "Secretary of State failed to perform the duty imposed upon him by law in that he failed to cause an investigation to be made by the Board of Control acting by and through the Division of Child Welfare, concerning said application for said charter."

The statute which the suit invoked is section 9, c. 194, p. 323, Gen.Laws, Reg. Sess. 42d Leg. (1931), Vernon's Ann.Civ. St. art. 695a, § 9, "Creating Division of

Child Welfare, in Board of Control," which section reads: "No charters shall be issued hereinafter by the Secretary of State to any person, association, corporation, whether operating for charity or revenue, in any way having to do with the solicitation of funds for or the handling of children through nurseries, boarding house, child placing agencies or other place for the care or custody of children under sixteen (16) years of age without an investigation first having been made by the Board of Control concerning such application and a recommendation made by said Board thereto."

Section 8 of the act (Vernon's Ann.Civ. St. art. 695a, § 8) transfers to said Child Welfare Division the licensing, visiting, and inspection of all agencies theretofore vested in the State Board of Health by chapter 204, p. 444, Gen.Laws 41st Leg. (1929), Vernon's Ann.Civ.St. art. 4442a.

Sections 1 and 2 of the 1929 act read:

"Every person, association or corporation, whether operating for charity or revenue, who shall own, conduct or manage a day nursery, children's boarding home, or child placing agency, or other place for the care or custody of children under fifteen years of age, or who shall solicit funds in this State for any such place or institution, shall obtain an annual license from the State Board of Health, which license shall be issued without fee, and under such reasonable and uniform rules and regulations as said Board shall prescribe. Provided that if said funds are solicited by said associations or corporations through any agent or agents thereof, only one such license shall be required by each said association or corporation for each county of the State of Texas in which county said funds are solicited.

"Sec. 2. The State Board of Health shall have authority to visit and inspect all such places and institutions embraced within this Act at all reasonable times to ascertain if the same are being conducted in conformity with law or if any conditions exist which need correction."

The petition makes no allegation of fraud or collusion, nor that the incorporators were in any way parties to, or in fact had any knowledge of, the alleged dereliction of duty by the Secretary of State. Nor is it alleged that the incorporators were in any way disqualified from engaging in the business authorized by the char-

ter, or that they were not, as a matter of law, entitled to a favorable recommendation from the Child Welfare Division. The suit was filed April 5, 1935, and the petition alleges that appellee was then maintaining and operating a home for children under the age of sixteen years.

The sole question presented, therefore, is whether the charter is voidable upon direct attack by the State, by reason alone of the Secretary of State's failure to perform the duty imposed upon him by section 9 of the 1931 act quoted above.

 While the wording of the section may call for construction in some respects, we assume, for present purposes, that it requires the Secretary of State to refer the application to the Child Welfare Division and obtain its favorable report thereon before issuing the charter. We also assume that the authority vested in the Division is sufficiently definite in character to uphold the section; although neither the section itself nor other portions of the act lay down any character of standard or criterion governing the Division in making its investigation and report. Of course, the Legislature could not delegate to an administrative board an "arbitrary, uncontrolled, and unreviewable discretion." See Sheppard v. Owl Refining Co. (Tex. Civ.App.) 68 S.W.(2d) 1101, 1103, and authorities there cited. Since no criterion is expressed in the act, to uphold it we must resort to the legislative objective as supplying such criterion. See New York Cent. Securities Corporation v. United States, 287 U.S. 12, 53 S.Ct. 45, 77 L.Ed. 138, cited and quoted from in the Sheppard Case. The general objective of the act was to prevent unsuitable persons engaging in the business, and to see that those already engaging and those thereafter permitted to engage therein conducted the business in a proper manner. Such suitability would involve character and ability. The latter would include finances and perhaps physical ability (health) and training or experience; although these latter might be obtained by employment, when not possessed by the incorporators themselves. Whatever criteria might properly be deduced from the objectives of the act, it is clear that the division could not lawfully withhold its approval from those unequivocally measuring up thereto. With what remedy would be available against such arbitrary action we are not here concerned.

Under section 1 of the 1929 act (Vernon's Ann.Civ.St. art. 4442a, § 1), an annual license is required of every one, including corporations, engaging in this character of business. The division is required to issue such license "under such reasonable and uniform rules and regulations as said Board [Division] shall prescribe." Section 2 (Vernon's Ann.Civ.St. art. 4442a, § 2) authorized the division "to visit and inspect all such places and institutions embraced within this Act at all reasonable times to ascertain if the same are being conducted in conformity with law or if any conditions exist which need correction."

Thus it appears that the division is given continuous supervisory powers over those engaged in this business.

■ Under these circumstances, and the fact that the duty to see that investigation and recommendation be made by the division before charter is issued is imposed upon the Secretary of State, we conclude that the action of the Secretary of State in granting a charter cannot be gone behind to inquire whether he has performed such duty, in the absence of fraud, collusion, or some neglect of duty participated in by the applicants; or, in any event, in the absence of some showing that the parties applying for the charter were not entitled to it.

It is conceded that the charter is not void and that it is immune from collateral attack. At most it is only voidable in a direct proceeding by the State. Regardless of the charter the corporation could not lawfully engage in the business within the purview of the act without obtaining a license from the division. If such license had been granted, then clearly the corporation could engage in the business, and any previous right on the part of the State to forfeit the charter on the ground in question would have terminated. This is so for the reason that every purpose of section 9 of the 1931 act would have been accomplished. The State has still the right to proceed against appellee for operating without a license. Appellee alleged in its verified answer that the division arbitrarily refused it a license. This is an issue which appellee has the right to have tested in some character of legal proceeding, with which we are not now concerned.

"In all interpretations, the court shall look diligently for the intention of the Legislature, keeping in view at all times the old law, the evil and the remedy." Article 10 (6), R.C.S.

Under the old law, that is prior to the 1929 act, there was no supervision or regulation of those engaged in the business in issue. The evil consisted in abuses and improper practices that had grown up in the conduct of the business by those permitted to engage in it. The remedy was to correct these abuses by strict and continous supervision, first by the State Board of Health, and later by the Child Welfare Division of the Board of Control. This control is broad and sweeping and appears ample to protect the State in effectuating the objective of the statute, even in case of dereliction of duty by the Secretary of State.

We think it unnecessary to review the decisions cited by appellant. They were rendered upon fact situations wholly different from that at bar.

The trial court's judgment is affirmed.

Affirmed.