STATE OF TEXAS V. SOCIETY FOR FRIENDLESS CHILDREN.

No. 7259. Decided January 12, 1938.
(111 S. W., 2d Series, 1075.)

*William McCraw,* Attorney General, *Scott Gaines* and *Leonard D. King,* Assistants Attorney General, all of Austin, for plaintiff in error.

*George Mendell* and *Roy Walker,* both of Austin, for defendant in error.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This suit was filed in the district court of Travis County, Texas, by the State of Texas, acting by and through the Honorable William McCraw, Attorney General of the State of Texas, against the Society for Friendless Children, a corporation char-

tered under Section 4 of Article 1302, R. C. S. of Texas, 1925. The purpose of the suit is to forfeit the charter of the society on the ground that it was issued in violation of law, and contrary to an express prohibitory statute. The district court sustained the society's general demurrer to the State's petition, and, on failure of the State to amend, dismissed the cause. This judgment was affirmed by the Court of Civil Appeals at Austin. 102 S. W. (2d) 318. The State brings error.

It appears from the State's petition that Hearne W. Spruce and two others on May 29, 1934, filed an application with the Secretary of State for the charter of a corporation to be incorporated for the purpose of "general supervision, placement and aid work of underprivileged and orphan children, and to maintain a home for underprivileged and orphan children." As we understand the record, the Secretary of State complied with the above application on August 17, 1934, and issued the charter as applied for.

At the time the above charter was issued or granted, Section 9, Chapter 194, General Laws of Regular Session of the 42d Legislature, 1931, was in effect. The State's petition alleges that Section 9, supra, was not complied with in the procurement and issuance of this charter, and on that ground alone it seeks the forfeiture thereof.

Since the granting of the writ of error, it has been made known to this Court that the Secretary of State has issued to the society an amended charter. It appears that in the issuance of such amended charter all pertinent statutes in force at the time were duly complied with. It follows that, regardless of the question as to whether or not this society was lawfully chartered in the first instance, a question we do not decide, it is now so chartered. This being true, the matter in controversy in this suit has ceased to exist, and is therefore moot.

It is the settled law of this State that its courts will not continue to litigate a controversy that has ceased to exist. It is further the settled law that appellate courts will not review judgments if the controversy between the parties has terminated. Such cases are moot. 2 Tex. Jur., pp. 69 to 76, and authorities there cited.

Since this case has become moot, we express no opinion on any of the law questions involved.

The judgments of the Court of Civil Appeals and district court are both reversed and set aside, and this cause is here and now dismissed.

Opinion delivered January 12, 1938.