Sherry HARTGROVE et al., Appellants,

v.

Howard THOMPSON, d/b/a Metagaming, et al., Appellees.

No. 13205.

Court of Civil Appeals of Texas, Austin.

Nov. 19, 1980.

Brook Bennett Brown, McGinnis, Lochridge & Kilgore, Austin, for appellants.

Charles M. Hineman, William D. King, Austin, for appellees.

SHANNON, Justice.

This is an appeal from a permanent injunction entered by the district court of Travis County in a school dress code case. This Court will set aside the injunction and dismiss the cause.

Appellees Howard Thompson, doing business as Metagaming, and Kim Falke, by and through her mother Beth Falke, filed suit seeking a permanent injunction against appellants "Austin Independent School District" and certain officials of the District. After hearing, the district court entered an injunction permanently enjoining appellants from terminating appellee Thompson as a "cooperative employer" under the Cooperative Training Plan signed by Thompson and officials of the school district. The judgment recited further: "[Appellant Austin Independent School District] has no authority to promulgate dress standards for students in the Vocational Office Education Program in that such standards violate students' rights of privacy and due process, guaranteed by the First and Fourteenth Amendments of the United States Constitution."

Appellee Kim Falke was a student at Lanier High School in Austin. Appellee Thompson owned and operated a business in Austin known as Metagaming. In 1978, through the District's vocational program, appellees signed an agreement known as the "Cooperative Training Plan." By the terms of the "Plan," Falke was to receive training by Metagaming as a "General Clerk." By its terms, the "Plan" commenced on August 28, 1978, and terminated on May 31, 1979.

By autumn of 1978, a disagreement had arisen between Thompson and officials of the vocational program concerning appropriate dress for students enrolled in the vocational program. As a result of the disagreement, the District unilaterally attempted to terminate the "Cooperative Training Plan" as of November 3, 1978. Appellees then filed suit seeking injunctive relief prohibiting appellants from terminating the "Cooperative Training Plan."

Appellants have taken an appeal only from that part of the judgment, above quoted, that concerns the District's authority to promulgate dress standards for students enrolled in the vocational program. By two points appellants claim that: (1) the recitation is "mere surplusage" and not supported by appellees' prayer for relief, and (2) the district court erred in holding that the District was without authority to promulgate dress standards for students in the vocational program.

■ The hearing for the permanent injunction was on April 17, 1979. The district court, on November 30, 1979, signed the judgment permanently enjoining appellants from terminating the "Cooperative Training Plan" signed by the parties. The "Plan," by its own terms, terminated on May 31, 1979, nearly six months *before* the district court signed the judgment.

■ The dispute was moot months before the district court signed the judgment. It follows, of course, the appeal to this Court is moot. The long–standing rule in this state is that appellate courts do not decide cases wherein no controversy exists between the parties at the time of hearing. *City of West University Place v. Martin*, 132 Tex. 354, 123 S.W.2d 638 (1939); *State v. Society for Friendless Children*, 130 Tex. 533, 111 S.W.2d 1075 (1938). When an appeal is moot, the judgment is set aside and the cause is dismissed. *Freeman v. Burrows*, 141 Tex. 318, 171 S.W.2d 863 (1943); *Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union*, 151 Tex. 239, 248 S.W.2d 460 (1952); *Dunn v. Dunn*, 439 S.W.2d 830 (Tex.1969).

The judgment of the district court is set aside and the cause is dismissed.

Reversed and Dismissed.