**Delores WININGER, Appellant,**

v.

**DEPARTMENT OF HUMAN RESOURCES, State of Texas, Appellee.**

No. 2–82–186–CV.

Court of Appeals of Texas, Fort Worth.

June 1, 1983.

Rehearing Denied June 29, 1983.

Ron L. Yandell, Wichita Falls, for appellant.

Jim Mattox, Atty. Gen., and Michael H. Patterson, Asst. Atty. Gen., Austin, for appellee.

Before ASHWORTH, BURDOCK and SPURLOCK, JJ.

OPINION

BURDOCK, Justice.

Appellant, Delores Wininger, was permanently enjoined from operating a child care facility in her home pursuant to Chapter 42 of the Texas Human Resources Code. She urges in two points of error that the statute authorizing such injunction is unconstitutional both on its face and as an unconstitutional delegation of authority by the legislature.

We reverse and dissolve the injunction.

The Texas Human Resources Code is an effort to protect the health, safety and well-being of the children of this state who reside in child care facilities by establishing statewide minimum standards for their safety and protection. Tex.Hum.Res.Code Ann., sec. 42.001. The Code defines "child care facility" as follows:

"Child-care facility" means a facility that provides care, training, education, custody, treatment, or supervision for a child who is not related by blood, mar-

riage, or adoption to the owner or operator of the facility, for all or part of the 24-hour day, whether or not the facility is operated for profit or charges for the services it offers.
Sec. 42.002(3)

A person who operates a child-care facility without a license commits a Class B misdemeanor unless he can fit into certain enumerated exceptions. Sec. 42.076, 42.041. One of these exceptions is a "registered family home" which is defined at Sec. 42.-002(9) as follows:

"Registered family home" means a facility that *regularly* provides care in the *caretaker's own residence* for not more than six children under 14 years of age, excluding the caretaker's own children, and that provides care after school hours for not more than six additional elementary school siblings of the other children given care, but the total number of children, including the caretaker's own, does not exceed 12 at any given time. (Emphasis added.) [1]

Pursuant to the authority granted to the Department of Human Resources ("the department") by the statute, the department has promulgated rules and standards in trying to implement a workable system to regulate child care facilities. Sec. 42.042(a), (e). These rules state that the owner or operator of the facility must be providing care for an unrelated child, not only for all or part of the 24-hour day, but that same should be for more than two (2) days per week, for at least five (5) consecutive weeks, in order that the owner and/or operator be providing care on a "regular" basis.

At a hearing before the court prior to the entry of the judgment, Wininger stipulated to all the facts necessary under the rules of the department to show that she operated the child care facility in her home on a regular basis. These facts, stipulated to by both parties, make it evident that she was operating a "registered family home" as defined in the statute. A "registered fami-

ly home" is an enumerated exception to the licensing requirement. Since there is no license required, there can be no violation of licensing standards as alleged in the complaint. The complaint presents no cause of action and cannot be the basis of a permanent injunction. The injunction is dissolved.

In the light of the above disposition, we need not reach Wininger's constitutional claims.

---

1. Despite the use of the word "registered", a search of the statute (and the regulations) gives no hint as to where one must *register*.