**DEPARTMENT OF HUMAN RESOURCES, the State of Texas, Petitioner,**

v.

**Delores WININGER, Respondent.**

No. C–2333.

Supreme Court of Texas.

Oct. 5, 1983.

Jim Mattox, Atty. Gen., Michael H. Patterson, Asst. Atty. Gen., Austin, for petitioner.

Ron L. Yandell, Wichita Falls, for respondent.

PER CURIAM.

The Department of Human Resources brought this suit to enjoin Delores Wininger from operating a child care facility in her home. The trial court found that Wininger had not complied with the various minimum standards for registered family homes in violation of Chapter 42 of the Texas Human Resources Code and granted a permanent injunction. Tex.Hum.Res.Code Ann. Chap. 42 (1980 & Supp.1982). The court of appeals dissolved the injunction based on the Department's failure to have properly pleaded its cause of action. 653 S.W.2d 376. We reverse the judgment of the court of appeals and remand this cause to that court.

The Department's pleadings alleged that Wininger had failed to comply with *licensing* requirements promulgated for the operation of child care facilities. This pleading was in error, for the proper allegation should have been based on Wininger's failure to have met the *registration* requirements of the Code. The unchallenged findings of fact and admissions at trial show the trial court judgment was based on Wininger's refusal to comply with the Code registration requirements. Although no

pleading error was raised in the trial court or the court of appeals, this impropriety was the basis for the court of appeals' reversal of this cause. The court did not reach the two points addressed by Wininger, both of which challenged the constitutionality of the statute in question.

By reversing on this unassigned error, the court of appeals erroneously elevated a pleading defect to the status of fundamental error. *American General Fire and Casualty Co. v. Weinberg,* 639 S.W.2d 688 (Tex. 1982). This holding is contrary to Tex.R. Civ.P. 90 and this Court's holding in *Weinberg.* Therefore, the application for writ of error is granted and, without hearing oral arguments, the judgment of the court of appeals is reversed and this cause is remanded to the court of appeals for disposition of points of error properly presented thereto. Tex.R.Civ.P. 451, 483.