Delores WININGER, Appellant,

v.

DEPARTMENT OF HUMAN RESOURCES State of Texas, Appellee.

No. 2–82–186–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 29, 1983.

Rehearing Denied Jan. 26, 1984.

Ron L. Yandell, Wichita Falls, for appellant.

Michael H. Patterson, Asst. Atty. Gen., Austin, for appellee.

Before JORDAN, BURDOCK and HILL, JJ.

## OPINION

HILL, Justice.

This is an injunction suit brought by the Texas Department of Human Resources. The trial court enjoined the appellant from operating a child-care facility in Wichita County due to her failure to comply with the rules and regulations of the Department as they pertain to registered family homes. Upon a prior appeal, this court reversed, on an unassigned error, because the pleadings referred to licensing requirements whereas registered family homes are exempt from licensing requirements. The Supreme Court, 657 S.W.2d 783, reversed our judgment, 653 S.W.2d 376, and remanded the cause to this court for disposition of the assigned points of error presented.

We affirm.

At the time of this suit, appellant, Delores Wininger, was married to Eugene Wininger and had a child. Mr. Wininger was accused of sexually abusing their five-year-old son and a five-year-old nephew, and in December, 1981, their son was removed from their home in Vernon, Texas, by the Child Protective Services Division of the Department of Human Resources. The criminal charges against Mr. Wininger were dropped when he was found to be incompetent to stand trial. Thereafter, appellant and her husband moved to Wichita Falls, Texas, and continued to reside together. In July, 1982, it was determined that child care was being provided in appellant's home to a child unrelated to either appellant or her husband. Appellant agreed to stipulate that prior to and during the injunction proceedings, appellant had cared for at least one child in her home for all or part of a 24-hour day, and that the child was not related to her by blood, marriage, or adoption. She further stipulated that care was given for more than two hours a day, for at least two days a week, and for more than five consecutive weeks. The trial court granted a permanent injunction enjoining the appellant from operating a child-care facility at her residence or at any other place in Wichita County.

Appellant predicates her appeal on two points of error challenging the constitutionality of the statute in question. In her first point of error, appellant argues that the statute which authorizes a permanent injunction in her situation is unconstitutional on its face.

The Texas Human Resources Code defines a "child-care facility" as follows:

[A] facility that provides care, training, education, custody, treatment, or supervision for a child who is not related by blood, marriage, or adoption to the owner or operator of the facility, for all or part of the 24-hour day, whether or not the facility is operated for profit or charges for the services it offers.

TEX.HUM.RES.CODE ANN. § 42.002(3) (Vernon 1980).

TEX.HUM.RES.CODE ANN. § 42.076 (Vernon 1980) provides that a person who operates a child-care facility without a license commits a Class B misdemeanor.

Appellant's constitutional attack on this provision is that it is so broad that every housewife who provides " 'care, training, education, custody, treatment, or supervision' for the neighbor's child while such neighbor goes to the store is guilty of a Class B Misdemeanor." Statutes, however, may necessarily be broad where conditions must be considered which cannot be conveniently investigated by the legislature. *Housing Authority v. Higginbotham,* 135 Tex. 158, 143 S.W.2d 79, 87 (1940); *Oxford v. Hill,* 558 S.W.2d 557, 560 (Tex.Civ.App.— Austin 1977, writ ref'd). Although "child-care facility" in itself is defined rather broadly, the statute describes the various types of child care facilities to which it is directed and defines them specifically. For example, a "registered family home" is defined as:

[A] facility that regularly provides care in the caretaker's own residence for not more than six children under 14 years of age, excluding the caretaker's own children, and that provides care after school

hours for not more than six additional elementary school siblings of the other children given care, but the total number of children, including the caretaker's own, does not exceed 12 at any given time. TEX.HUM.RES.CODE ANN. § 42.002(9) (Vernon 1980).

The Department of Human Resources has defined "regular care" as care for more than two days a week and for at least five consecutive weeks. Item 5200, Minimum Standards of the Texas Department of Human Resources for Registered Family Homes. It is clear that this definition does not fit every housewife who cares for her neighbor's child while the neighbor goes to the store. Appellant's point of error number one is overruled.

Appellant asserts, as her second point of error, that the statutes authorizing a permanent injunction in her situation are an unconstitutional delegation of authority by the legislature. She contends, more specifically, that this delegation of authority permits an administrative agency to define the term "regularly" as used in the definition of "registered family home".

 In ruling on the question of delegation of authority with respect to the Texas Child Care Licensing Act, art. 695a–3, the predecessor to TEX.HUM.RES.CODE ANN. § 42 (Vernon 1980), the Austin Court of Civil Appeals held that the legislature did not go beyond its recognized constitutional right to delegate to the administrative agency authority to establish rules, regulations, and minimum standards which reasonably carry out the express purposes of the Act which are to guard and protect the health, safety, and well-being of children of the state who reside in child-care facilities. *Oxford v. Hill, supra.* We hold that in defining regular care and the minimum standards regulating registered family homes, the Department of Human Resources was exercising its duty to establish rules, regulations, and minimum standards reasonably necessary to carry out the express purposes of chapter 42 of the Texas Human Resources Code.

The appellant relies on the case of *State v. Society for Friendless Children,* 102 S.W.2d 318 (Tex.Civ.App.—Austin 1937), *rev'd on other grounds,* 130 Tex. 533, 111 S.W.2d 1075 (1938), for the proposition that the legislature may not delegate to an administrative board an "arbitrary, uncontrolled, and unreviewable discretion." This principle is correct, but it is not relevant to the case at bar in that chapter 42 of the Texas Human Resources Code sets forth guidelines which the Department of Human Resources must follow in carrying out its responsibilities and sets forth in detail the method by which one may appeal the decisions of the Department. TEX.HUM.RES. CODE ANN. § 42 (Vernon 1980). Appellant's point of error number two is overruled.

The judgment is affirmed.