TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00711-CV






Spring Valley Water Company, Appellant




v.




Texas Natural Resource Conservation Commission, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 93-11090, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







 Spring Valley Water Company ("Spring Valley") filed a lawsuit challenging an
order issued by the Texas Natural Resource Conservation Commission (the "Commission"). (1) In
that order, the Commission affirmed the appointment of a temporary manager over Spring Valley. 
After a receiver was appointed over Spring Valley in a separate lawsuit, the district court
dismissed Spring Valley's challenge to the appointment of a temporary manager as moot. In a
single point of error, Spring Valley argues that the district court erred by dismissing its suit. We
will affirm the dismissal.

FACTUAL BACKGROUND

 Spring Valley is a retail public utility that operates a group of public water systems. 
In the spring and early summer of 1993, Spring Valley's customers complained to the Commission
that they were without water service. On June 23, 1993, the Commission ordered Spring Valley
to provide continuous and adequate service to its customers. A week later, on June 30, 1993, the
Commission issued an emergency order appointing a temporary manager over Spring Valley's
operations. On August 19, 1993, the Commission affirmed its appointment of a temporary
manager over the Spring Valley water systems.

 Spring Valley filed a timely suit for judicial review requesting the Travis County
district court to set aside the Commission's August 19, 1993 order. Meanwhile, the Commission
and the State of Texas filed a separate lawsuit in which Spring Valley agreed to the appointment
of a receiver over its water systems. The temporary manager was replaced by the court-appointed
receiver. On motion of the Commission, the district court dismissed as moot Spring Valley's
lawsuit challenging the Commission's order appointing a temporary manager.


DISCUSSION

 Appellate courts will not review judgments if the controversy between the parties
has terminated. State v. Society for Friendless Children, 111 S.W.2d 1075, 1076 (Tex. 1938);
Young Trucking, Inc. v. Railroad Comm'n, 781 S.W.2d 719, 720 (Tex. App.--Austin 1989, no
writ); Hartgrove v. Thompson, 608 S.W.2d 349, 350 (Tex. Civ. App.--Austin 1980, no writ). 
This prohibition derives from the Texas Supreme Court's determination that Article V, § 8 of the
Texas Constitution prohibits the rendition of advisory opinions. Firemen's Ins. Co. v. Burch, 442
S.W.2d 331, 333 (Tex. 1968). In the present case, Spring Valley filed a lawsuit challenging the
appointment of a temporary manager over its water systems. The question on appeal is whether
the appointment of a receiver in another lawsuit superceded and replaced the order appointing the
temporary manager, thus rendering Spring Valley's claims moot.

 In a single point of error, Spring Valley argues that the appointment of a receiver
in a separate lawsuit did not moot its challenge of the Commission's order appointing a temporary
manager. Specifically, Spring Valley argues that since the court's order appointing a receiver did
not expressly replace the temporary manager, the Commission's order appointing the temporary
manager remains in effect. Thus, according to Spring Valley, the controversy has not been
terminated. The Commission responds that when the receiver was appointed, the Commission's
order appointing a temporary manager was superceded, and any controversy over the
Commission's order became moot. We agree with the Commission.

 The Commission appointed a temporary manager over Spring Valley pursuant to 
the Texas Water Code, which provides in pertinent part that "[t]he commission . . . may authorize
a willing person to temporarily manage and operate a utility if the utility: (1) has discontinued or
abandoned operations or the provision of services; or (2) has been or is being referred to the
attorney general for the appointment of a receiver . . . ." Tex. Water Code Ann. § 13.4132(a)
(West Supp. 1998) (emphasis added). In conjunction with the appointment of a temporary
manager, the Commission requested the attorney general to bring suit for the appointment of a
receiver. Tex. Water Code Ann. § 13.412(a) (West 1988 & Supp. 1998). Thus, the temporary
manager operated the Spring Valley water systems while the Commission and the State of Texas
pursued a lawsuit seeking the appointment of a receiver. After Spring Valley agreed to the
appointment of a receiver and an order appointing a receiver was signed by the court, the receiver
replaced the temporary manager and took control of the Spring Valley water systems.

 Spring Valley does not dispute that the temporary manager operated the utility only
temporarily. Rather, Spring Valley contends that since the court's order appointing a receiver did
not expressly remove the temporary manager, a controversy continues to exist regarding the
appointment of a temporary manager. This view is too narrow. Although a receiver appointed
pursuant to Tex. Water Code Ann. § 13.412 (West 1988 and Supp. 1998) must carry on the
business of the utility until discharged by the court, there is no parallel requirement that a
temporary manager must be formally or explicitly discharged. A Commission order appointing
a temporary manager merely bridges a gap in the provision of service to the customers of a
distressed public utility, and the appointment naturally terminates when the utility resumes
operations or when a receiver is appointed over the utility. In the present case, the appointment
of a receiver over Spring Valley and its water systems had the legal (and practical) effect of
superceding the Commission's order appointing a temporary manager. The Commission's order
appointing a temporary manager is therefore of no further force and effect, and the claims raised
in Spring Valley's lawsuit are moot. We overrule Spring Valley's point of error.



CONCLUSION

 Having overruled Spring Valley's sole point of error, we affirm the dismissal.



 

 J. Woodfin Jones, Justice

Before Justices Aboussie, Jones and Kidd

Affirmed

Filed: March 26, 1998

Do Not Publish

1. The 1993 order was actually issued by the Texas Water Commission, predecessor to the Texas
Natural Resource Conservation Commission. Because the latter has now superceded the former in
all respects, we will use the term "Commission" to refer to both.


roversy between the parties
has terminated. State v. Society for Friendless Children, 111 S.W.2d 1075, 1076 (Tex. 1938);
Young Trucking, Inc. v. Railroad Comm'n, 781 S.W.2d 719, 720 (Tex. App.--Austin 1989, no
writ); Hartgrove v. Thompson, 608 S.W.2d 349, 350 (Tex. Civ. App.--Austin 1980, no writ). 
This prohibition derives from the Texas Supreme Court's determination that Article V, § 8 of the
Texas Constitution prohibits the rendition of advisory opinions. Firemen's Ins. Co. v. Burch, 442
S.W.2d 331, 333 (Tex. 1968). In the present case, Spring Valley filed a lawsuit challenging the
appointment of a temporary manager over its water systems. The question on appeal is whether
the appointment of a receiver in another lawsuit superceded and replaced the order appointing the
temporary manager, thus rendering Spring Valley's claims moot.

 In a single point of error, Spring Valley argues that the appointment of a receiver
in a separate lawsuit did not moot its challenge of the Commission's order appointing a temporary
manager. Specifically, Spring Valley argues that since the court's order appointing a receiver did
not expressly replace the temporary manager, the Commission's order appointing the temporary
manager remains in effect. Thus, according to Spring Valley, the controversy has not been
terminated. The Commission responds that when the receiver was appointed, the Commission's
order appointing a temporary manager was superceded, and any controversy over